NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUTH ANN CONDE CHEESMAN,

Plaintiff-Appellant,

v.

ELLENSBURG SCHOOL DISTRICT; et al.,

Defendants-Appellees.

No. 20-35214

D.C. No. 1:18-cv-03218-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Ruth Ann Conde Cheesman appeals pro se from the district court's summary judgment in her action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir. 2001). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for Ellensburg School District because Cheesman failed to raise a genuine dispute of material fact as to whether any policy or custom of the school district caused her to suffer constitutional injuries. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury).

The district court properly granted summary judgment for the individual defendants because Cheesman failed to raise a triable dispute as to any of her claims. *See* Fed. R. Civ. P. 56(c) (setting forth evidentiary support required in opposing a motion for summary judgment); *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a conspiracy claim requires the existence of an agreement or meeting of the minds to violate constitutional rights); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (liability under § 1983 requires showing of personal participation in the alleged rights deprivation); *Swank v. Valley Christian Sch.*, 398 P.3d 1108, 1120 (Wash. 2017) (defining gross negligence under Washington law); *Lyons v. U.S. Bank Nat'l Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014) (setting forth elements of an intentional infliction of emotional distress claim under Washington law); *see also Kirkpatrick v. County of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016) (in context of removal of child from parental custody, Fourth Amendment right to be free from unreasonable,

warrantless seizure by government officials belongs to the child, not the parent).

We reject as unpersuasive Cheesman's contentions that the district court violated her Sixth Amendment rights, her right to a jury trial, and her due process rights.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Cheesman's request to submit supplemental exhibits, set forth in the reply brief, is denied.

**AFFIRMED.**